**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clarence Wayne Dixon,<br><br>                    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                    Respondents. | No. CV-14-258-PHX-DJH<br><br>**ORDER**<br><br>DEATH PENALTY CASE |

Before the Court is Dixon's motion to alter or amend judgment. (Doc. 63.) Dixon asks the Court to reconsider its order and judgment of March 16, 2016, which denied his motion for evidentiary development and his petition for habeas corpus relief. (Docs. 61, 62.) For the reasons set forth below, the motion will be denied.

**DISCUSSION**

Dixon argues that new evidence has come to light supporting Claims 4, 9, and 10, which challenge standby counsel's performance at trial. This new evidence consists of "recent developments" in the investigation of Nathaniel Carr, one of Dixon's standby counsel, by the State Bar of Arizona. Specifically, Dixon notes that on March 24, 2016, the Attorney Discipline Committee found that probable cause existed to file a complaint against Carr. (Doc. 63-2, Ex. 5.) The finding cited allegations concerning Carr's billing procedures in Dixon's case and a state court order in another capital case finding that Carr had provided ineffective assistance at sentencing. (*Id.*, Ex. 3.) Based on this new evidence, Dixon asks the Court to alter or amend its judgment, grant additional briefing

on Claims 4, 9, and 10, and reconsider its denial of evidentiary development of the claims.

As the Ninth Circuit recently reiterated, "altering or amending a judgment under Rule 59(e) is an 'extraordinary remedy' usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, --- F.3d ----, 2016 WL 2610176, at *6 (9th Cir. 2016) (citing *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)).

In *Rishor*, the Ninth Circuit analyzed the interplay between Rule 59(e) and the AEDPA, namely the restrictions on second and successive petitions set forth in 28 § U.S.C. § 2244(b). *Rishor*, 2016 WL 2610176, at *5. The court considered Rule 59(e) in the context of *Gonzalez v. Crosby*, 545 U.S. 524 (2005), in which the Supreme Court "addressed when a federal court should construe a petitioner's Rule 60(b) motion for relief as a second or successive habeas petition subject to the restrictions of AEDPA."[1] *Id.* (footnote omitted). *Gonzalez* held that a Rule 60(b) motion is subject to AEDPA's restrictions when the motion advances a claim by presenting newly discovered evidence, adding a new ground for relief, attacking the resolution of a claim on the merits, or seeking to vacate the judgment because of a subsequent change in substantive law. 545 U.S. at 531.

In *Rishor*, the court held that the rationale of *Gonzalez* also applies to Rule 59(e) motions. *Rishor*, 2016 WL 2610176, at *7. The court explained:

> We now hold that a Rule 59(e) motion that raises entirely *new* claims should be construed as a second or successive habeas petition subject to

---

[1] Under 28 U.S.C. § 2244(b)(1) and (2), the court must dismiss any claim that has already been adjudicated in a previous habeas petition and any new claim that does not rely on either a new and retroactive rule of constitutional law or on new facts demonstrating actual innocence of the underlying offense. Section 2244(b)(3)(A) requires prior authorization from the court of appeals before a district court may entertain a second or successive petition.

>AEDPA's restrictions. A Rule 59(e) motion raises a "new claim" when the motion seeks to add a ground for relief not articulated in the original federal habeas petition, presents newly discovered evidence, or seeks relief based on a subsequent change in the law. In contrast, a timely Rule 59(e) motion that asks the district court to "correct manifest errors of law or fact upon which the judgment rests" should *not* be construed as a second or successive habeas petition.

*Id.*

Here, Dixon's Rule 59(e) motion "presents newly discovered" evidence in support of three of his habeas claims. Therefore, under *Rishor*, it raises a new claim and must be considered a second, successive petition. The Court does not have jurisdiction to entertain this second or successive petition under § 2244(b)(3)(A) because Dixon has not received authorization from the court of appeals.[2]

Accordingly,

**IT IS HEREBY ORDERED** denying Dixon's motion to alter or amend judgment. (Doc. 63.)

**Dated** this 10th day of May, 2016.

Honorable Diane J. Humetewa
United States District Judge

---

[2] The Court would deny Dixon's request to alter or amend if it had jurisdiction to consider the motion. The new evidence—the state bar's probable cause finding—does not affect the Court's analysis of Carr's performance as standby counsel in Dixon's case. *See Defenders of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir. 2000) (explaining that to prevail on a Rule 59(e) motion based on newly discovered evidence, the movant must show that "the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case").

- 3 -